OPINION
Appellant Stark County Department of Human Services ("Agency") is appealing the decision of the Stark County Court of Common Pleas, Juvenile Division, that denied the Agency's motion for permanent custody and instead granted a ninety day extension of temporary custody. The following facts give rise to this appeal.
The Agency first became involved in this matter on June 29, 1995. At that time, Zachary Griffin, born August 24, 1994, suffered severe bruising, injuries to his head and a bite mark on his leg. The minor child's mother, Appellant Jeannie Griffin, alleged the head injuries occurred when Appellant James Starr, the minor child's father, who is severely physically impaired, was bathing the child and the child slipped out of his hands and received injuries on Appellant Starr's wheelchair. Appellant Griffin admitted to causing the bite mark on the child's leg. A witness alleged Appellant Griffin slapped the child causing the head injuries.
As a result of these injuries, the Agency filed a complaint, on June 30, 1995, alleging the minor child was abused and requested temporary custody. The trial court conducted an emergency shelter care hearing the same day. The trial court found there was probable cause for the removal of the children from appellants' residence and granted temporary custody to the Agency. The Agency filed a case plan on July 25, 1995. The trial court conducted an adjudicatory trial on September 8, 1995. Appellant Griffin stipulated to the complaint and the trial court found the minor child to be an abused child. The trial court issued a no contact order between the minor child and Appellant Starr and the trial court returned the minor child to appellant's legal custody, with protective supervision to the Agency.
The trial court conducted a dispositional hearing on September 8, 1995. Legal custody of the minor child remained with Appellant Griffin and the Agency was awarded protective supervision. The trial court subsequently amended the dispositional order to add the language that the minor child would immediately be removed from Appellant Griffin's custody if she violated the no contact order with Appellant Starr.
The Agency filed a motion on November 14, 1995, requesting temporary custody of the minor child based upon Appellant Griffin's failure to follow through with protective day care and intensive in-home services. The Agency also based the motion upon an incident that occurred where Appellant Griffin noticed some medication on the floor, but failed to pick it up, and the minor child ingested the medication resulting in his hospitalization at Akron Children's Hospital. Based upon this motion, the trial court conducted a shelter care hearing. The trial court determined there existed probable cause to remove the minor child from Appellant Griffin's custody. The trial court awarded temporary custody, of the minor child, to the Agency.
On December 4, 1995, the trial court ordered that Appellant Starr would be permitted supervised visits with the minor child. The trial court conducted an evidentiary hearing on January 10, 1996, and continued temporary custody with the Agency. On March 21, 1996, the Agency filed a motion to extend temporary custody of the minor child. The trial court granted the Agency's request on May 22, 1996, and extended temporary custody until December 29, 1996.
On October 22, 1996, the Agency filed a motion for permanent custody of the minor child. The Agency based the motion upon appellants' failure to comply with the case plan, the severe and chronic physical disability of Appellant Starr, and appellants' unwillingness to provide the basic necessities for the child. The trial court heard the Agency's motion for permanent custody on February 6, 1997, April 30, 1997, and July 7, 1997. The trial court overruled the Agency's motion on October 24, 1997. The trial court granted the Agency an extension of temporary custody for ninety days. The Agency timely filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT'S GRANTING OF AN EXTENSION OF TEMPORARY CUSTODY TO THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES AND DENIAL OF THE DEPARTMENT'S MOTION FOR PERMANENT CUSTODY WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED AN EXTENSION OF TEMPORARY CUSTODY TO THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES WHICH EXTENDED TEMPORARY CUSTODY BEYOND THE TWO YEAR SUNSET DATE OF THE COMPLAINT.
 I
Appellant Agency maintains, in its first assignment of error, the trial court's decision denying its motion for permanent custody and the granting of an extension of temporary custody is against the manifest weight of the evidence. We disagree.
As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,281. It is based upon this standard that we review appellants' first assignment of error.
R.C. 2151.415 provides a trial court may extend temporary custody, for a six-month period, when it determines, by clear and convincing evidence "* * * that the extension is in the best interest of the child, there has been significant progress on the case plan of the child, and there is reasonable cause to believe that the child will be reunified with one of the parents or otherwise permanently placed within the period of extension."
In granting an extension of temporary custody, the trial court made the following findings in its judgment entry of October 24, 1997. Appellant Griffin has made some progress toward meeting the goals of the case plan and appellant continued with her counseling and re-enrolled in Goodwill parenting classes. The discharge report from Goodwill indicates appropriate parental management when Appellant Griffin was observed with her children at the Goodwill facility. Appellant Griffin testified that she learned appropriate methods of discipline during her second session at Goodwill, Shipley Clinic and H.U.G.S. The instructor from Goodwill testified that Appellant Griffin made improvements in her parenting skills.
The trial court also noted Appellant Griffin completed a Food and Nutrition Education Program offered by the Ohio State University extension program. The trial court further noted that testimony was presented that the minor child looked forward to visits with Appellant Griffin and there is a bond between Appellant Griffin and her son. Finally, the trial court noted that Appellant Griffin has recently taken advantage of several resources offered to her by her caseworker and that testimony indicates she seems to be demonstrating an awareness of her role as a parent. Based upon this evidence, the trial court found the Agency failed to prove, by clear and convincing evidence, that it is in the child's best interest that he be permanently removed from the custody of his parents.
Upon review of the record in this matter, we find the trial court's decision, extending temporary custody, is not against the manifest weight of the evidence.
Appellant's first assignment of error is overruled.
 II
In its second assignment of error, Appellant Agency contends the trial court erred when it granted an extension of temporary custody which extended the temporary custody beyond the two-year sunset date of the complaint. We disagree.
In the case of In re Young Children (1996), 76 Ohio St.3d 632, syllabus, the Ohio Supreme Court held that the passing of the statutory time period ("sunset date") pursuant to R.C. 2151.353(F) does not divest juvenile courts of jurisdiction to enter dispositional orders. Accordingly, the trial court had jurisdiction to grant an extension of temporary custody in this matter.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.